**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:

Mark Christopher Kaley

CASE NO: 6:24-bk-01255-LVV
Chapter 13

Debtor(s)

## SECURED CREDITOR, LC04 SPECIAL, LLC'S OBJECTION TO AMENDED CH. 13 PLAN [DOC. NO. 34]

**COMES NOW, SECURED CREDITOR**, LC04 Special, LLC (herein after referred to as "Secured Creditor"), by and through its undersigned counsel, and hereby files this Objection to the Amended Chapter 13 Plan [Doc. No. 34] filed by the Debtor and states as grounds the following:

1. On or about March 15, 2024, the Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.

2. On or about April 1, 2024, the Debtor filed the proposed Chapter 13 Plan. [Doc. No. 25].

3. On or about April 10, 2024, the Debtor filed the proposed Amended Chapter 13 Plan. [Doc. No. 34].

4. Secured Creditor's claim is secured by a mortgage encumbering the real property owned by Debtor located at 14924 Gaulberry Run, Winter Garden, FL 34787 (hereinafter "The Property").

5. Secured Creditor is the owner and holder of the note and mortgage and has the right to enforce the note and mortgage.

6. Secured Creditor has or will timely file its proof of claim indicating the arrears and regular monthly payment.

7. The Plan fails to include the correct payment to Secured Creditor including, but not limited to the correct pre-petition arrearages and fails to include the correct regular monthly mortgage payments, including the escrow amounts for taxes and insurance. Additionally, an In Rem Final Judgment of Foreclosure was entered on or about September 28, 2018 in the amount of $792,050.56.

8. Furthermore, the amount of pre-petition arrears are $1,060,364.71, which the Plan proposes to pay $2,225.02 monthly, leaving a deficiency in the amount of prepetition arrears paid to Secured Creditor of $926,863.51. A Plan which does not pay all of the pre-petition arrears in full does not result in a discharge and entitles Secured Creditor to seek its rights under the Mortgage under *In Re: Carmen Bateman, Universal American Mortgage Company v. Bateman*, 331 F.3d 821, 834 (11 Cir. 2003).

9. The Debtor's schedules I and J show that the Debtor will have difficulty trying to pay as stated in the Plan to Secured Creditor given the fact that the Debtor should be paying approximately $17,672.75 each month to Secured Creditor. Even if the Debtor amended the Plan, it will be difficult for the Debtor to maintain the proposed plan payments taking into account the Debtor's expenses. Therefore, the confirmation of the Chapter 13 plan should be denied pursuant to 11 U.S.C. §1325(a)(6) because the Debtor will not be able to make all payments under the Plan or comply with the Plan. The Debtor lacks the income necessary to cure the arrearages and the regularly monthly payment with all other creditors and the Debtor's expenses as indicated above.

10. Secured Creditor is entitled to attorneys' fees pursuant to 11 U.S.C. §1322(e). Said fees should be added to the balance of the Note and Mortgage pursuant to the terms of the loan documents, but not added to the Debtor's personal obligation once a discharge is received.

**WHEREFORE, PREMISES CONSIDERED,** Secured Creditor prays that the Debtor's Chapter 13 Plan be amended to include the correct arrearage and correct monthly payment to Secured Creditor or grant Secured Creditor *in rem* relief from stay together with fees as set forth

in paragraph 10 above, and for any other relief this Honorable Court deems Secured Creditor is entitled.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list, on April 12, 2024.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Middle District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

/s/ Damian G. Waldman
Damian G. Waldman, Esquire
Florida Bar No.: 090502
**Law Offices of Damian G. Waldman, P.A.**
10333 Seminole Boulevard, Unit 1 & 2
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email: service@dwaldmanlaw.com
Email 2: damian@dwaldmanlaw.com
Email 3: corey@dwaldmanlaw.com
*Attorneys for Secured Creditor*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th Day of April 2024, I served a copy of the foregoing by regular U.S. Mail or the Court's CM/ECF system to the following parties listed on the below service list:

**SERVICE LIST**

*Pro Se Debtor*
Mark Christopher Kaley
14924 Gaulberry Run
Winter Garden, FL 34787

*Trustee*
Laurie K Weatherford
Post Office Box 3450
Winter Park, FL 32790

*U.S. Trustee*
United States Trustee - ORL7/13, 7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

**Law Offices of Damian G. Waldman, P.A.**
10333 Seminole Blvd., Units 1&2
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email:**damian@dwaldmanlaw.com**
Attorneys for Secured Creditor

By:     /s/ Damian Waldman, Esq.
Damian Waldman, Esq.
Florida Bar No.: 0090502