**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:

    CASE NO: 6:24-bk-01255-LVV

Mark Christopher Kaley

    Chapter 13

Debtor(s)

---

**SECURED CREDITOR, LC04 SPECIAL, LLC'S OBJECTION TO**
**MOTION FOR RECONSIDERATION [DOC. NO. 64]**

**COMES NOW, SECURED CREDITOR**, LC04 Special, LLC (herein after referred to as "Secured Creditor"), by and through its undersigned counsel, and hereby files this Objection to the Motion for Reconsideration [Doc. No. 64] filed by the Debtor and states as grounds the following:

1. On or about March 15, 2024, the Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.

2. On or about August 16, 2024, this Court entered an Order Dismissing Case with Injunction Period of 180 Days Barred Debtor Kaley, Mark Christopher starting 8/13/2024 to 2/9/2025 (the "Order"). [Doc. No. 61].

3. On or about August 17, 2024, the Debtor filed the instant Motion for Reconsideration (the "Motion"). [Doc. No. 64].

4. Debtor asserts that he was unaware of the dismissal hearing and, for that reason, he failed to attend. Debtor also asserts that Secured Creditor has acted in a dilatory manner and not complied with its obligations under the mediation order. All of Debtor's arguments fail as a matter of fact and law.

5. Under Federal Rules of Civil Procedure 59 and 60, as incorporated into the Fed. R. Bankr. P. 9023 and 9024, the Debtor's Motion is procedurally and facially improper, and as such, the Order should be upheld.

6. FRCP 60(b) states in pertinent part that relief from a Final Judgment, Order, or Proceeding, may be had "for the following reasons:

   > (1) mistake, inadvertence, surprise, or excusable neglect;
   > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   > (4) the judgment is void;
   > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   > (6) any other reason that justifies relief.

   Federal Rules of Civil Procedure 60(b). Further, Rule 60(b) does not give a party the opportunity to re-litigate its case after the court has rendered a decision. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.)(A motion to reconsider is not a second opportunity for the losing party to make its strongest case or to dress up arguments that previously failed.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). Nor is it the purpose of Rule 60(b) to allow the court to "revisit the issues already addressed" or consider "new arguments or supporting facts which were otherwise available for presentation" in the underlying proceedings. *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th cir.1991). Motions brought under this rule require the court to balance the interest in finality of judgments, which "should not lightly be disturbed", and the desire to achieve justice.

7. Here, the Debtor is using the Motion as an attempt to relitigate issues that have already been disposed of.

8. Additionally, the Debtor has a history of delay and Secured Creditor contends that the instant course of action has been deliberately designed to further delay its *in rem* State

Court remedies.

9. In the Motion, the Debtor even admits to this Court that he has unilaterally and improperly removed adequate protection payments from Secured Creditor, which further strengthens Secured Creditor's argument that the Motion should be denied and the Order upheld.

10. The subject property is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to Secured Creditor, and as such, the Order should be upheld.

11. It would be inequitable to permit the Debtor to retain the subject property without paying Secured Creditor the value of its claim associated therewith.

12. Secured Creditor's indebtedness continues to accrue, while the Debtor enjoys the benefit of the Property without following the requirements of the Bankruptcy Code.

13. If Secured Creditor is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

14. A Final Judgment of Foreclosure was entered on September 28, 2018 in the amount of $792,050.56, none of which has been paid.

15. For the foregoing reasons, Secured Creditor respectfully requests this Court to uphold the Order and allow it to enforce its legally entitled *in rem* rights against the Property in State Court.

**WHEREFORE, PREMISES CONSIDERED,** Secured Creditor prays that the Debtor's Motion be denied, that the Order be upheld, and for any other relief this Honorable Court deems Secured Creditor is entitled.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list, on August

20, 2024.

    **I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Middle District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

/s/ Damian G. Waldman
Damian G. Waldman, Esquire
Florida Bar No.: 090502
**Law Offices of Damian G. Waldman, P.A.**
10333 Seminole Boulevard, Unit 1 & 2
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email: service@dwaldmanlaw.com
Email 2: damian@dwaldmanlaw.com
Email 3: corey@dwaldmanlaw.com
*Attorneys for Secured Creditor*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on this 20th Day of August 2024, I served a copy of the foregoing by regular U.S. Mail or the Court's CM/ECF system to the following parties listed on the below service list:

**SERVICE LIST**

*Pro Se Debtor*
Mark Christopher Kaley
14924 Gaulberry Run
Winter Garden, FL 34787

*Trustee*
Laurie K Weatherford
Post Office Box 3450
Winter Park, FL 32790

*U.S. Trustee*
United States Trustee - ORL7/13, 7
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

**Law Offices of Damian G. Waldman, P.A.**
10333 Seminole Blvd., Units 1&2
Seminole, FL 33778
Telephone: (727) 538-4160
Facsimile: (727) 240-4972
Email:**damian@dwaldmanlaw.com**
Attorneys for Secured Creditor

By:     /s/ Damian Waldman, Esq.
Damian Waldman, Esq.
Florida Bar No.: 0090502