ORDERED.

Dated: September 27, 2024

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: ) | |
| ) | Case No. 6:24-bk-01255-LVV |
| Mark Christopher Kaley ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER
DISMISSING CASE**

THIS CASE came before the Court without hearing on Debtor's Motion to Renew and Reargue the Order Dismissing Chapter 13 Case and Reimposing the Automatic Stay (Doc. No. 64) (the "Motion for Reconsideration"). On July 9, 2024, the Court held a continued hearing on Debtor's Motion for Sanctions, at which time Trustee's Motion to Dismiss for Failure to Maintain Timely Plan Payments (Doc. No. 53) (the "Motion to Dismiss") was also discussed.[1] At that hearing, Debtor represented to the Court that he had mailed a money order to the Trustee in the amount of $7,179.06 to bring him current in his plan payments. Based on that representation, the Court took no action on

---

[1] The Motion to Dismiss was not set for hearing as the Debtor had not filed a response and the negative notice period had not expired. As such, the Court took the statement made by Debtor at the hearing to serve as his Response to the Motion to Dismiss.

the Motion to Dismiss and advised the Debtor, who is proceeding *pro se*, that the Motion to Dismiss would be set for hearing should the Trustee have issues with collecting the payment.

On July 18, 2024, Trustee noticed the Motion to Dismiss for hearing on August 13, 2024 (the "Notice of Hearing") with the Certificate of Service including Debtor's name and address. At the hearing on August 13, 2024, Debtor did not appear. The Trustee stated at the hearing that she received correspondence as discussed at the last hearing but no payment was included.[2] Accordingly, the Court entered the Order Dismissing Case with Injunction (the "Order") (Doc. No. 61), which is at issue here.

On August 17, 2024, Debtor filed the Motion for Reconsideration. Debtor argues that the Court should reconsider the Order because Debtor states he did not receive notice of the hearing and that he was acting in good faith. Secured Creditor LC04 Special, LLC ("Creditor") filed an Objection to the Motion for Reconsideration (the "Objection") (Doc. No. 66), arguing that Debtor is attempting to relitigate issues that have already been decided and has a history of using delay tactics in the state court proceedings.

Reconsideration under Federal Rules of Civil Procedure 59(e) is only available upon discovery of newly available evidence or to correct manifest errors of law or fact.[3] *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A motion for reconsideration is not grounds to reargue or relitigate issues already decided. *In re Parker*, 378 B.R. 365, 371 (Bankr. M.D. Fla. 2007).

Alternatively, under Rule 60 of Federal Rules of Civil Procedure, a party may obtain relief from judgment or order for the following six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an

---

[2] Trustee also subsequently filed a Notice of the Correspondence received from Debtor (Doc. No. 58).
[3] Federal Rules of Civil Procedure 59 is incorporated by Federal Rules of Bankruptcy Procedure 9023.

opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.[4]

Debtor has not presented a valid basis for reconsideration. Debtor has provided no evidence to rebut the Certificate of Service on the Notice of Hearing. Moreover, Debtor has provided no evidence to that he would have defeated the Motion to Dismiss had he been present at the hearing. The Motion for Reconsideration simply states, "Debtor has a good faith reason to assert that the Trustee's Motion to Dismiss should not have been granted." Debtor provides no additional explanation or evidence as to the substance of this "good faith reason." Lastly, the Court also is concerned about Debtor's attempts to abuse the integrity of the bankruptcy system. Debtor represented to the Court that the payment of $7,179.06 was mailed to the Trustee at the hearing on July 9, 2024. The Court relied on this representation in taking no action on the Motion to Dismiss. At the hearing on August 13, 2024, the Trustee indicated to the Court that she only received a correspondence but no payment. The Court will not entertain what simply appears to be a tactic by Debtor to use this Court as a mechanism to delay Creditor's enforcement of a foreclosure judgment. Accordingly, it is

**ORDERED**:

1.   The Motion for Reconsideration (Doc. No. 64) is **DENIED.**

### 

The clerk is directed to serve a copy of this Order on all interested parties.

---

[4] Federal Rules of Civil Procedure 60 is incorporated by Federal Rules of Bankruptcy Procedure 9024.